**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 10-0087 |
| | : | |
| EIGHTY SIX THOUSAND TWO | : | |
| HUNDRED AND FIFTY ($86,250.00) | : | |
| IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant in rem, | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR A. OFFICE, | : | |
| | : | |
| Claimant. | : | |

_____/

<u>**CLAIMANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**</u>

Claimant, Arthur A. Office ["Office"] by and through his undersigned attorneys answers the plaintiff's ["government"] verified complaint for forfeiture and, states the following:

1.     Office lacks knowledge of the allegations in paragraphs 1, 2, 3, 9 and 12 and, therefore, denies the allegations.

2.     Office admits the allegations in paragraphs 4, 5, 7, 8 and 11.

3.     Office denies the allegations in paragraph 6 that the defendant currency was found in his pockets and briefcase.

1

4.     Office admits the allegations in paragraph 10 with the exception that he denies eating at a restaurant in the airport.

5.     Office admits the allegation in paragraph 13 that he was traveling with Wooten, but lacks knowledge of the remaining allegations and, therefore, denies the allegations.

6.     Office admits the allegations in paragraph 14 that he was stopped at a TSA checkpoint by TSA on October 24, 2008 and that ICE Special Agents seized $87,910.00 from his possession.  Office denies the allegations that he told the officers that he had a medical brace on his leg; denies the allegation that he abandoned the $87,910.00; lacks knowledge of allegations regarding a canine and, therefore, denies the allegations.

7.     Office admits the allegations in paragraph 15 that he helped out his friends; but he lacks knowledge of the remaining allegations and, therefore, denies the allegations.

8.     Paragraph 16 requires no response.

9.     Paragraph 17 is a legal argument and requires no response.

10.    Office denies the allegations in paragraphs 18 and 19.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

11.    Pursuant to 18 U.S.C. §981(b) the "law enforcement officers" who seized the defendant currency lacked authority to make the seizure.

### Second Affirmative Defense

12.    The seizure of the defendant currency was made without a warrant in violation of section 981(b)(2) and the rights of the claimants under the Fourth Amendment of the U. S.

Constitution.

### Third Affirmative Defense

13.     Prior to the claimant being questioned he was not read his *Miranda* rights thus, any and all statements made by the claimant to the "law enforcement officers" must be suppressed.

### Fourth Affirmative Defense

14.     The Court shall take judicial notice that 90% to 100% of the currency in circulation in the United States is tainted with cocaine.

### Fifth Affirmative Defense

15.     The government cannot meet its burden of proof that there was a substantial connection between the defendant currency and any controlled substance.  Section 983(c)(1) & (3).

### Sixth Affirmative Defense

16.     The government has failed to meet the pleading requirements of Rule E(2)(a) of the Supplemental Rules.

### Seventh Affirmative Defense

17.     Pursuant to section 983(d) the claimant is an innocent owner of the defendant currency.

### Eighth Affirmative Defense

18.     The attempt by the government to forfeit the defendant currency is grossly disproportionate to any alleged offense in violation of section 983(g) and the Excessive Fines Clause of the Eighth Amendment of the U. S. Constitution.

### Ninth Affirmative Defense

19.     The allegations set forth in the verified complaint are heresay and thus barred by the

Rules of Evidence.

WHEREFORE, Office respectfully requests the Court to order the immediate refund to the defendant property to Office with interest.

## CLAIMANT'S COUNTERCLAIM AGAINST THE GOVERNMENT

20.    Office, by and through his undersigned attorneys sues the government as a counterclaim, pursuant to Rule 13, Federal Rules of Civil Procedure, for the return of the $87,910.00 seized from him on October 24, 2008 by Immigration and Customs Enforcement agents as set forth at paragraph 14 of the verified complaint.

21.    As set forth in Rule 13(2)(c) Relief Sought in a Counterclaim:

> "A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party."

22.    Office told the Transportation and Safety Administration ["TSA"] officer that he was carrying money and pulled the $87,910.00 from his pockets and socks.

23.    A U. S. air Marshall advised the TSA officer that Office was free to leave.

24.    Office did not abandon the $87,910.00 to the government.

25.    The government did not have a warrant to search Office.

26.    Office never received a seizure notice for the $87,910.00 as required by 18 U.S.C. §983(a)(1)(A)(iii)(I).

27.    Since the government never gave Office any documents regarding their confiscation of the $87,910.00 undersigned attorneys undertook the filing of Freedom of Information Act, 5 U.S.C. §552, *et. seq.* with the relevant federal agencies.

4

28.     In a FOIA response dated August 13, 2009 the TSA said they had no responsive records.  This letter is attached as Exhibit A.

29.     In a FOIA response dated July 20, 2009 U. S. Customs and Border Protection said they had no responsive records.  This letter is attached as Exhibit B.

30.     In a FOIA response dated August 19, 2009 the Department of the Treasury produced 2 pages of documents which are useless.  This letter is attached as Exhibit C.

31.     In a FOIA response dated October 26, 2009 the U. S. Immigration and Customs Enforcement released 2 pages of documents indicating that $87,910.00 had been seized from Office on 10/24/08.  This letter is attached as Exhibit D.

32.     The ICE response conclusively proves the $87,910.00 was seized from Office and there is no executed abandonment form in the files.

33.     Since the government has never sent a seizure notice to Office regarding the confiscation of his $87,910.00 than this money must be immediately refunded to Office with interest pursuant to §983(a)(1)(F).

WHEREFORE Office respectfully requests the Court to order the immediate release of the $87,910.00 to Office with interest.

Respectfully submitted,


/s/ Peter S. Herrick
Peter S. Herrick, Bar Number 166790
Email: pherrick1@comcast.net
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332

Fax. 305-858-6347
Attorney for Claimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with

the Clerk of the Court using CM/ECF on February 17, 2010 and a copy mailed to James Pavlock,

Esq., Assistant U. S. Attorney, Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250,

Philadelphia, PA 19106 on February 18, 2010.

/s/ Peter S. Herrick
Peter S. Herrick

6

# EXHIBIT A

U.S. Department of Homeland Security
Freedom of Information Office
Arlington, VA 20598-6020



Transportation
Security
Administration

August 13, 2009

Mr. Peter Herrick, PA
Attorneys at Law
3520 Crystal View Court
Miami, FL  33133

**FOIA Case Number:  TSA09-0721**

Dear Mr. Herrick:

This letter is in response to your request dated July 16, 2009, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a pertaining to your client Arthur Alexander Office. Specifically, you requested:

• Copies of all information relied upon by the government for the seizure of $80,000 of U.S. currency from Mr. Office at the Philadelphia Airport in October 2008. Including but not limited to bulletins, manuals and instructions relied upon by the government for the referenced seizure. Copies of any documents, photographs and/or seizure reports prepared and/or taken during the investigations/interrogations in the referenced case. Copies of any records and documents that pertain to the requester and any potential on-going investigations pertaining to the requester. We also request the government's legal reasoning for seizing and/or forfeiting the requester's currency during his domestic travel. We request copies of nay documents and/or records that pertain to the potential forfeiture of the forfeiture of the requester's currency.

A search within the Transportation Security Administration (TSA) was conducted and no documents were located that pertain to your client. The U. S. Customs and Border Protection may have documents responsive to your request. Please send your request to:

U.S. Customs and Border Protection
FOIA Division
799 9th Street NW, Mint Annex
Washington, DC 20229-1177

In accordance with departmental regulations implementing the FOIA (6 C.F.R. § 5.11), you are identified in the category as an "other" requester. There is no cost associated with processing your request, because the fees to process this request were under the required threshold of $14.00.

www.tsa.gov

08/18/09

In the event that you may wish to appeal this determination, an administrative appeal may be made in writing to Kimberly Walton, Special Counselor, Office of the Special Counselor, Transportation Security Administration, 601 South 12th Street, East Building, E7-121S, Arlington, VA  20598-6033.  Your appeal **must be submitted within 60 days** from the date of this determination.  It should contain your FOIA request number and state, to the extent possible, the reasons why you believe the initial determination should be reversed.  In addition, the envelope in which the appeal is mailed in should be prominently marked "FOIA Appeal."

Please note the Special Counselor's decision on your FOIA appeal will be administratively final.  If you have any questions pertaining to your request please feel free to contact the FOIA office on 1-866-FOIA-TSA (364-2872).

Sincerely,

Kevin J. Janet
FOIA Officer
Freedom of Information Act Office

# EXHIBIT B

799 9th Street NW
Washington, DC 20229



**U.S. Customs and
Border Protection**

DIS-2-OT:FD DG
2009F13609

July 20, 2009

Peter S. Herrick
3520 Crystal View Court
Miami, Florida 33133

Dear Mr. Herrick:

This is in acknowledgement and response to your Freedom of Information Act (FOIA) request for copies of information U.S. Customs and Border Protection (CBP) may have in a file, on behalf of your client Arthur Alexander.

We conducted a comprehensive search of files within the CBP databases for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records based upon the information you provided.

After reviewing and assessing your request, we have determined that the answers to the questions you are requesting may be under the jurisdiction of the Financial Crimes Enforcement Network, Department of Treasury, at the following address:

Freedom of Information Act Request
Financial Crimes Enforcement Network (Disclosure Office)
P.O. Box 39
Vienna, VA 22183

While an adequate search was conducted, you have the right to appeal this determination that no records exist within CBP that would be responsive to your request. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to: FOIA Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection, Mint Annex, 799 9th Street, NW, , Washington, DC 20001, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. § 5.9. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Please notate file number 2009F13609 on any future correspondence to CBP related to this request.

Sincerely,

*Mark Hanson*

Mark Hanson
Director, FOIA Division
Office of International Trade

07/23/09

# EXHIBIT C



DEPARTMENT OF THE TREASURY
FINANCIAL CRIMES ENFORCEMENT NETWORK

August 19, 2009

Mr. Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, FL 33133

Re: FinCEN 2009-129

Dear Mr. Herrick:

This letter responds to your July 23, 2009, Freedom of Information Act/Privacy Act (FOIA/PA) request to the Financial Crimes Enforcement Network (FinCEN) for information pertaining to your client, Arthur Alexander Office.

We conducted a thorough search for non-Bank Secrecy Act records and found two pages of documents. We have processed the documents under the FOIA since these records are exempt from the access provisions of the Privacy Act in accordance with 5 U.S.C. 552a(j)(2) and (k)(2).

Enclosed are the two pages of records responsive to your request. Some information has been deleted in accordance with the FOIA exemptions as follows:

**5 U.S.C. 552(b)(3)**, relating to records specifically exempted from disclosure by statute. The statutory provision that specifically exempts records collected under the Bank Secrecy Act from disclosure under the FOIA can be found in Section 5319 of Title 31 of the United States Code.

**5 U.S.C. §552(b)(6)**, relating to personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and

**5 U.S.C. § 552(b)(7)(C)**, relating to law enforcement records, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

**5 U.S.C. § 552(b)(7)(E)**, relating to law enforcement records, the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

For your information, FinCEN also collects Bank Secrecy Act records, which were not searched. If such records exist, they would be exempt from disclosure under the Freedom of Information Act (FOIA) in accordance with 5 U.S.C. 552(b)(3), which covers

08/24/09

records specifically exempted from disclosure by statute. The statutory provision that specifically exempts records collected under the Bank Secrecy Act from disclosure under the FOIA can be found in Section 5319 of Title 31 of the United States Code. Additionally, if such records exist, they would be maintained in a FinCEN Database that has been exempted from the access provisions of the Privacy Act in accordance 5 U.S.C. 552a(j)(2) and (k)(2). These records are described in detail in our most recent Privacy Act System of Records Notice, 73 Fed. Reg. 42405-42411 (July 21, 2008).

If you believe these determinations to be in error, you may appeal them by writing to the following address:  FinCEN Freedom of Information Act/Privacy Act Appeal, P.O. Box 39, Vienna, VA 22183. The appeal must be received within 35 days from the date of this letter and should specify the date of your initial request as well as the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act/Privacy Act Appeal" and must include a statement explaining why you believe the determinations are in error.

Sincerely yours,

Amanda Michanczyk
Disclosure Officer

*Law Enforcement Sensitive*

# Case Report for DA-106248

b7E

Subject Found   b7E

Subject of Query   b7E

Subj. Type: SCREEN                    Trace Id:

Subject: OFFICE/ARTHUR/ALEXANDER

Alias:

SSN: 456712447                Phone:

Address: 619 WHEELHOUSE DRIVE

          STAFFORD TX 77477 US

13867128: DLN TX  13867128

   Id 2:

   Id 3:

   Id 4:

   Id 5:

Birth Date: 10/14/1969

Doc Type:              DCN:              Doc Part:

Dt. Entered: 01/14/2008      Dt. Updated: 01/14/2008

b3

The information may be
used only for the purpose stated when the request was made. The
information cannot be further released, disseminated, disclosed, or
transmitted without prior approval of the Treasury's Financial Crimes
Enforcement Network. Unauthorized release of such information
may result in criminal or civil sanctions.

b7E

## Case Subject List:          Number of Subjects:          b7C

Subj Nr:   Screen Subj
Name:
Alias:
Addrs:
City:              State:       Zip:          Cntry:
DOB:
SSN/EIN:
DLN:

Created:  1/18/2008
Updated:  1/18/2008

b7C ; b6

---

Subj Nr:   Screen Subj
Name:
Alias:
Addrs:
City:              State:       Zip:          Cntry:
DOB:
SSN/EIN:
DLN:

Created:  1/18/2008
Updated:  1/18/2008

b7C ; b6

---

Subj Nr:   Screen Subj
Name:
Alias:
Addrs:
City:              State:       Zip:          Cntry:
DOB:
SSN/EIN:
DLN:

Created:  1/18/2008
Updated:  1/18/2008

b7C ; b6

1.

*b7E*

Law Enforcement Sensitive

## Case Report for DA-106248

**Subj Nr:** ▓ Screen Subj   *b7C*
**Name:** OFFICE/ARTHUR/ALEXANDER
**Alias:**
**Addrs:** 619 WHEELHOUSE DRIVE
**City:** STAFFORD   **State:** TX   **Zip:** 77477   **Cntry:** US
**DOB:** 10/14/1969
**SSN/EIN:** 456712447
TX DLN: 13867128

**Created:** 1/14/2008
**Updated:** 1/14/2008

**Subj Nr:** ▓ Screen Subj
**Name:** ▓▓▓▓▓▓
**Alias:**
**Addrs:** ▓▓▓▓▓▓
**City:** ▓▓▓   **State:** ▓▓   **Zip:** ▓▓▓   **Cntry:** ▓▓▓        *b7C ; b6*
**DOB:** ▓▓▓
**SSN/EIN:** ▓▓▓
**DLN:** ▓▓

**Created:** 1/14/2008
**Updated:** 1/14/2008

**Subj Nr:** ▓ Screen Subj
**Name:** ▓▓▓▓▓▓
**Alias:**
**Addrs:** ▓▓▓▓
**City:** ▓▓▓   **State:** ▓▓   **Zip:** ▓▓▓   **Cntry:** ▓▓▓        *b7C ; b6*
**DOB:** ▓▓▓
**SSN/EIN:** ▓▓▓
**DLN:** ▓▓

**Created:** 1/14/2008
**Updated:** 1/14/2008

---

**CASE INFORMATION: DA-106248**        **THIS IS NOT A TEST CASE**
**Date Case Entered:** 01/14/2008
**Case Comment:**        Non-Proactive Case

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓        *b7E ; b7C ; b6*

**Operator's Name:** ▓▓▓        *b7C*    **Requester:** ▓▓▓        *b7C*
**Operator's Agency:** DRUG ENFORCEMENT ADMINISTRATION            DEA
        6 CONSTITUTION AVENUE                    ARG
        DOYLESTOWN PA 18901                    600 ARCH STREET
                                SUITE 10224
                                PHILADELPHIA PA 19106
**Operator's Phone:** ▓▓▓   **Fax:** ▓▓▓
                                **Requester Phone:** ▓▓▓   **Fax:**
**Operator's Case Nr:** ▓▓▓                **Requester File:** ▓▓▓

**Agencies Worked With:**

2.

# EXHIBIT D



*Office of Investigations*
**Special Agent in Charge**
220 Chestnut Street, Room 200
Philadelphia, PA 19106

**U.S. Immigration
and Customs
Enforcement**

October 26, 2009

Arthur Alexander Office
10803 C. R. 786
Rosharon, TX 77583

C/O Peter S. Herrick, P.A.
3520 Crystal view Court
Miami, Florida 33133

Re:  10-FOIA-0120

Dear:  Mr. Alexander

This is the final response to your Freedom of Information Act (FOIA) request to the
Department of Homeland Security (DHS), dated September 25, 2009 and received by this
office on said date.  You are seeking copies of records, including electronic records relied
upon by DHS and /or ICE for the seizure of $80,000.00 in U.S. currency belonging to
Mr. Arthur Alexander at Philadelphia International Airport in October 2008.

A search of the Office of the Special Agent in Charge of Philadelphia for documents
responsive to your request produced responsive records.  I have determined that two (2)
pages of records are being withheld in part pursuant to Title, 5 U.S.C § 552 b (2) high, b
(6) and 7 (C).  All other records will be withheld in their entirety pursuant to Title 5
U.S.C. § 552 (b) (7) (A).  Please be advised that once all pending matters are resolved
and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which
could protect certain information from disclosure, such as FOIA Exemptions (2)high
b,(6), 7(C), 7(E), and 7(F).

Enclosed are the two pages with certain information being withheld as described below.

FOIA exemption b (2) (high) protects information applicable to internal administrative
and personnel matters, such as operating rules, guidelines, and manual of procedures of
examiners or adjudicators, to the extent that disclosure would risk circumvention of an
agency regulation or statute, impeded the effectiveness of an agency's activities, or reveal
sensitive information that may put the security and safety of an agency activity or
employee at risk.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The types of documents and/or information that we have withheld consist of employees' names and telephone numbers, and/or information belonging to a third party that are considered personal. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.   I have determined that the information you are seeking relates to an ongoing criminal law enforcement investigation. Therefore, I am withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings.

Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination. The types of documents and/or information that we have withheld could consist of names, telephone numbers or various other document and/or information that are considered personal.

Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I determined that disclosure of law enforcement techniques and procedures could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

[1] 5 U.S.C. § 552a (d) (1).
[1] 5 U.S.C. §§ 552a (d) (5), (j), and (k).

**FOIA Exemption 7(F)** permits the government to withhold all information about any individual when disclosure of information about him could reasonably be expected to endanger the life or physical safety of any individual. This exemption also protects physical security at critical infrastructure sites.

You have a right to appeal our withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge. 6 CFR § 5.11(d) (4).

If you need to contact our office again about this matter, please refer to 10-FOIA-0120. This office can be reached at 215-717-4836.

Sincerely,

John Kelleghan
Special Agent in Charge
Philadelphia, PA

Enclosure: (2) pages.



TECS II - PERSON SUBJECT DISPLAY

ENTRY 102108 UPDATE 102109

NAME- LAST OFFICE
FIRST ARTHUR
IMAGE
MID ALEXANDER
ALIAS     NICKNAME
PHYSICAL IDENTIFIERS
HISPANIC N RACE U SEX M HAIR BR EYES BR
STC           HT 000 000 WT 000 000 ENGLSH
S/M/T
PERSONAL-
DOB 10141969 POB- CNTRY US ST FL CITY                          MORE
SSN 456712447 MORE    AFN                             CTZN US MORE
PPN                  MORE    RES       EXC/SITE            MORE
ADDRESS- DATE 102108    TYPE  CNTRY   ISSDT     EXPDT           MORE
CITY HOUSTON      STREET 1002 ALMEDA GENOA ROAD                 MORE
CONTACT- ICE OI - PHILADELPHIA PA   STATE TX CNTRY US ZIP 77047 APT
OWNER                         PHONE                      TYPE   MORE M
PRIMARY                CASE NBR                                 MORE
REMARKS-   DATE 102109    START 10212008 STOP 10212009 QRY NTFY 1
$87,910 IN          NOFLY  SLCTE  CAT FI FINANCIAL
IN            PROCEEDS SEIZED FROM SUBJECT ON 10/24/08, AND $86,250 MORE
          PROCEEDS SEIZED FROM SUBJECT ON 6/23/09 AT PHL AIRPORT.

REQUESTED BY: ▓▓▓▓▓▓▓▓▓▓▓ (b2 H)

▓▓ b2      OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

TECS RECORD ID: ▓▓ b2 H ▓▓▓▓▓     TECS II PERSON SUBJECT

▓▓ b,2      PAGE   1

*** NAME INFORMATION ================================================
    NAME: OFFICE, ARTHUR ALEXANDER

*** PHYSICAL CHARACTERISTICS ========================================
DOB: 10141969
RACE: U
EYES: BR        SEX: M   MAR STATUS:
                HAIR: BR
                                     HT: 000 000      WT: 000 000

*** ADDRESS AND TELEPHONE INFORMATION ===============================
ADDRESS-  STREET: 1002 ALMEDA GENOA ROAD
          CITY: HOUSTON
          ZIP: 77047         COUNTY:          APT/SUITE:
                                     STATE: TX COUNTRY: US
ADDRESS-  STREET: 619 WHEELHOUSE DRIVE
          CITY: STAFFORD                      TYPE:    DATE: 102108
          ZIP: 77477         COUNTY:          APT/SUITE:
                                     STATE: TX COUNTRY: US
ADDRESS-  STREET: P.O. BOX 450794
          CITY: HOUSTON                       TYPE:    DATE: 102108
          ZIP: 77245         COUNTY:          APT/SUITE:
                                     STATE: TX COUNTRY: US
ADDRESS-  STREET: 10803 C.R. 786
          CITY: ROSHARON                      TYPE:    DATE: 102408
          ZIP: 77583         COUNTY:          APT/SUITE:
                                     STATE: TX COUNTRY: US

*** IDENTIFYING INFORMATION =========================================
CITIZENSHIP:  US                                TYPE:    DATE: 102109

SSN: 456712447

*** OTHER INFORMATION ===============================================

*** RECORD OWNERSHIP INFORMATION====================================
STATUS: SO SUSPECT, OTHER
AGENCY: ▓▓ICE OI - PHILADELPHIA PA
TELEPHONE:D                                    DATE: 102108     b6
CASE NUMBER: ▓▓ b2 ▓▓▓▓   TITLE: CRIM INVSTGR   NAME: ▓▓▓▓▓▓       7C
                         DATE ENTERED: 102108 LAST UPDATE: 102109

REMARKS:
$87,910 IN ▓▓▓▓▓▓▓▓ b2 H ▓▓▓▓
IN ▓▓▓▓▓▓▓▓    PROCEEDS SEIZED FROM SUBJECT ON 10/24/08, AND $86,250
        ▓▓ PROCEEDS SEIZED FROM SUBJECT ON 6/23/09 AT PHL AIRPORT.
                                                            b2 H

** PRIMARY ACCESS INFORMATION ======================================
PRIMARY ACTION: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
        b2              LOOK OUT LEVEL: